REEVES v. HEYMANN

(May 5, 1930. Opinion and Decree.)

Montgomery & Montgomery, of New Orleans, attorneys for plaintiff, appellee.

Jos. A. Casey, of New Orleans, attorneys for defendant, appellant.

WESTERFIELD, J. Plaintiff sues defendant for the sum of $106.75 for damages to his automobile resulting from an intersectional collision at Claiborne avenue and Louisiana Parkway, this city, on October 24, 1928, at 12:15 a. m. The petition avers that the defendant was solely at fault in

causing the accident on the following grounds:

That he was operating his car at an excessive rate of speed, or more than 25 miles per hour, that he failed to come to a full stop before a right of way street, and that defendant was negligent in not giving plaintiff the right of way which he was entitled to, as defendant's car was approaching from the left, all in violation of Traffic Ordinances Nos. 6173 and 7490 of the commission council of the city of New Orleans.

Defendant answered, denying liability and averring that plaintiff was solely at fault because he was operating his automobile without any lights on it, and further pleading that plaintiff had the last clear chance of avoiding the accident. Defendant also filed a reconventional demand in the sum of $151.75, representing damages and depreciation to his car.

There was judgment in favor of the plaintiff, as prayed for, and defendant has appealed.

The record shows that Louisiana avenue is a paved highway, with a neutral ground in the center, and runs from the direction of the river to the lake. The uptown side of the street is used by traffic going toward the river, and the other side is used by traffic moving in the direction of the lake. At the point where Louisiana avenue intersects Claiborne avenue at right angles, the continuation of Louisiana avenue toward the lake from that point is called Louisiana Parkway, which is also a paved highway, but without any neutral ground in the center. Claiborne avenue is a paved highway with a neutral ground in its center. The river side thereof is used by traffic going downtown, and the lake side of the thoroughfare by traffic going uptown. Plaintiff was driving his Marmon sedan on Claiborne avenue uptown, and defendant was driving his Buick car on Louisiana avenue in the direction of the lake and struck plaintiff's car a glancing blow on the left side near the rear door and then scraped it from that point along the side to the front bumper.

The plaintiff was on his way home and had three guests in his car at the time, all of whom testify that plaintiff was driving at a moderate rate of speed, not in excess of 25 miles an hour; that, as he approached the intersection, he blew his horn, but that defendant, apparently neither seeing plaintiff's car nor hearing the signal, continued on his course, and that, in order to avoid the collision, plaintiff swerved his car to the right into Louisiana Parkway, where defendant's car struck the plaintiff's car on its left side, as above described; that plaintiff's car was stopped within about 20 feet, and that defendant's car continued on its course for about 60 feet; and that defendant's car was traveling at about 40 or 45 miles an hour at the time it left the river side of the intersection of Claiborne and Louisiana avenues, a distance of approximately 200 feet.

The sole witness for the defendant is himself, and he denied that he was traveling at an excessive rate of speed. He further testified that the lights on the plaintiff's car were not burning and that, if they had been, he would have seen the car and avoided the accident.

We are of the opinion that the evidence clearly shows that defendant's car was being operated at an excessive rate of speed and that he failed to stop or slow down and accord plaintiff the right of way to which he was entitled under the traffic ordinance of the city of New Orleans, and that his negligence in this respect was the proximate cause of the accident. We are

further satisfied that the lights on plaintiff's car were burning and that, if defendant did not see them, it was because he failed to keep a proper lookout. We do not find that plaintiff was in any way guilty of negligence. When the accident appeared imminent he did everything in his power to avoid it.

It is admitted that the damage done to plaintiff's car was the result of the accident and that the estimate for the repairs is reasonable.

The judgment of the lower court is correct, and it is therefore affirmed.